Robert E. Collins
Clinton & Muzyka, P.C.
88 Black Falcon Avenue
Boston, MA 02210
(617) 723-9165
rcollins@clintonmuzyka.com
*Counsel for defendant*
*WALL SHIPMANAGEMENT S.A.*

Of Counsel:
Thomas H. Belknap, Jr.
BLANK ROME, LLP
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000
tbelknap@blankrome.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**
--------------------------------------------------------------------X
**N.E. VERNICOS – ARGONAFTIS SALVAGE AND**  :
**TOWAGE CONSORTIUM; ARGONAFTIS**          :
**NAFTIKI ETAIRIA,**                        :
             **Plaintiffs,**   :   **10-cv-441 (ML)**
        **v.**                          :
**OCEAN TANKERS HOLDINGS PUBLIC**           :
**COMPANY LIMITED,** *et al.*               :
        **Defendants.**   :
--------------------------------------------------------------------X
--------------------------------------------------------------------X
**XIFIAS NAVIGATION LIMITED,**              :
           **Plaintiff,**     :   **consolidated with**
**v.**                                      :   **10-cv-451(ML)**
**OCEAN TANKERS HOLDINGS PUBLIC**           :
**COMPANY LIMITED et al.**                  :
        **Defendants.**   :
--------------------------------------------------------------------X

1

135700.00601/7001879v.1

**DEFENDANT WALL SHIPMANAGEMENT'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA**

**ARGUMENT**

Vernicos' motion to compel compliance with its subpoena on the STAVRODROMI's master is a perfect example of the colossal waste of the Court's time and resources which plaintiffs have repeatedly committed in this matter. The sole reason Vernicos served a subpoena upon the Master in the first place was to attempt to circumvent the normal response time allowed under F.R.C.P. 34. According to Vernicos papers, this method apparently was employed because of the alleged risk that the vessel might sail with the documentary evidence on board. (Br. 7). Given that the Vessel has been under attachment since October 2010, such a suggestion is beyond frivolous. In any event, Vernicos has now succeeded in wasting substantially more time and energy on this issue than if it had just followed the Rules in the first place.

As can be seen from Vernicos' own exhibits, Wall offered a very reasonable compromise to the disagreement, but Vernicos eschewed any opportunity to compromise this issue with Wall and opted instead to make this frivolous motion. Moreover, notwithstanding that this Court has directed the parties to attempt to settle the disputes and has advised that the parties will be shortly directed to mediation before the Magistrate Judge, Vernicos has refused to grant a one-week adjournment of time to

2

respond to its motion.  Vernicos' scorched-earth approach to this litigation has always been puzzling, but it is even more so now given the mortgage bank's recent intervention in the lawsuit which has all but assured that the Rule B plaintiffs will in no event recover any funds in this matter.  In any event, Vernicos' motion should be denied, and if any costs are awarded such award should be in favor of Wall and not Vernicos.

Vernicos relies heavily upon <u>In re Subpoena Issued to Robert K. Kochan</u>, 2007 WL 4208555 (E.D.N.C. 2007), but in that case the subject of the subpoena was the president and sole owner of the named defendant.  Despite Vernicos' suggestion otherwise, the Master is not an equivalent in the present case, and he does not have the authority to produce Wall's documents in connection with this litigation.  At a minimum, Wall is entitled to have its counsel review the potentially responsive documents before they are produced to determine, for instance, whether they contain privileged communications.

For the record, Blank Rome has received from the Vessel the Master's entire electronic e-mail file for the period covered by the subpoena and has already confirmed that they expect to be producing responsive, non-privileged documents shortly.  Vernicos' own exhibits confirm this.  (See Vernicos' Ex. D).  Accordingly, Vernicos' motion is effectively moot.  In any event, it is patently unnecessary and wasteful and should be denied.

3

## CONCLUSION

For the foregoing reasons, Wall respectfully requests that the Court deny Vernicos' motion and grant Wall such other and further relief as may be just and proper.

Dated:     Providence, Rhode Island
           March 11, 2011

"/s/Robert E. Collins"
Robert E. Collins
Bar No: 2951
Clinton & Muzyka, P.C.
88 Black Falcon Avenue
Boston, MA 02210
(617) 723-9165
rcollins@clintonmuzyka.com
*Counsel for defendant*
*Wall Shipmanagement S.A.*

Of Counsel:
Thomas H. Belknap, Jr.
Blank Rome LLP
405 Lexington Avenue
New York, New York 10174
(212) 885-5270
tbelknap@blankrome.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the attached document on March 11, 2011.  This document is available for viewing and downloading from the Court's Electronic Case Filing System.  Service on counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins

4

135700.00601/7001879v.1